IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sinclair L. Atkins, Jr., #32066-083, | ) | Civil Action No.: 3:09-1046-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mary M. Michell, Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court with the [Docket Entry 23] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on October 26, 2009.

Plaintiff, a federal prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the above-named defendant violated his constitutional rights. On August 17, 2009, Defendant filed a motion to dismiss, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because Plaintiff is proceeding *pro se*, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 18, 2009, advising Plaintiff of the importance of the dispositive motion and the possible consequences if he failed to adequately respond.

However, notwithstanding the specific warning and instructions as set forth in the court's *Roseboro* order, Plaintiff failed to respond to Defendant's motion. Because Plaintiff is proceeding *pro se*, the court filed a second order on September 28, 2009, advising Plaintiff that it appeared to the court that he was not opposing Defendant's motion and wished to abandon this

---

[1] This matter was automatically referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 73.02(B)(2)(d) and (e) (D.S.C.).

action, and giving Plaintiff an additional fifteen (15) days in which to file his response to Defendant's motion to dismiss. Specifically, the Magistrate Judge warned Plaintiff that if he failed to respond "this action [would] be recommended for dismissal with prejudice for failure to prosecute." Order [Docket Entry 22] at 1-2.

Notwithstanding the second explicit warning, Plaintiff still failed to respond to Defendant's motion. In his Report filed on October 26, 2009, the Magistrate Judge found that Plaintiff met all the criteria for dismissal under *Chandler Leasing Corporation v. Lopez*, 669 F.2d 919 (4th Cir. 1982), and recommended that the case should be dismissed with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff's objections to the Report and Recommendation were due by November 13, 2009. However, Plaintiff untimely filed his objections thereafter.[2]

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[2] The court is uncertain as to the exact filing date of Plaintiff's objections. If the objections were mailed via prison mail, the *Houston v. Lack*, 487 U.S. 266 (1988), filing date cannot be properly ascertained as the envelope containing Plaintiff's objections was not stamped by FCI-Edgefield's mail room upon receipt. However, the handwritten objections are dated as of November 16, 2009, so that is the earliest possible filing date. Assuming that date is also the mailing date, Plaintiff's objections were filed after the November 13 deadline. The United States District Court received and docketed the objections on November 17, 2009.

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

A district court has authority under Rule 41(b) to dismiss a case with prejudice, on its own motion, for failure to prosecute. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). In determining whether such dismissal is proper, the court is to review four factors: (1) the degree of Plaintiff's personal responsibility in failing to respond; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of Plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Chandler Leasing Corp.*, 669 F.2d at 920. Additionally, a district court can dismiss a case with prejudice for failure to obey court orders. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.").

The court agrees with the Magistrate Judge that, at the time of the Report and Recommendation, it would be proper to dismiss Plaintiff's complaint for failure to prosecute. Not only had Plaintiff failed to respond to Defendant's motion, but he had failed to do so in the face of two explicit warnings by the Magistrate Judge.[3] Moreover, because Plaintiff is proceeding *pro se*, he was personally responsible for this failure to respond.

However, in his objections, Plaintiff alleges that he had received "nothing from the court in over three months." Objections [Docket Entry 24] at 1. Defendant's motion to dismiss and both of the court's orders containing the warnings of dismissal were filed during that three month period. Moreover, Plaintiff asserts that he did not receive the Report and Recommendation until it "was slid under" his cell door on November 16, 2009. *Id.* Assuming that statement is correct, he then filed his objections to the Report on that very same day. Finally, he alleges that he "never lost interest in [filing] documents. [He] just never received anything from this court."[4] *Id.* at 2.

Out of an abundance of caution, the court is going to give Plaintiff the benefit of the doubt that he did not receive any documents or orders from the court during the three months prior to his receiving the Report and Recommendation. Accordingly, because he was not

---

[3] *Ballard*, 882 F.2d at 95-96 (holding that Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning).

[4] The court notes that prior to the time period in which Plaintiff claims he did not receive anything from the court, he continually filed documents with the court. After the original filing of his complaint in late April 2009, and until late September 2009, when he claims he stopped receiving mail from the court, Plaintiff filed an amended complaint as well as three separate letters regarding the status of his case. Therefore, at that time, it appears that Plaintiff intended to continue prosecution of his claim.

receiving the orders from the court,[5] Plaintiff was not personally responsible for his failure to respond to Defendant's motion.  Moreover, he filed his objections to the Report and Recommendation as soon as possible after he received the Report recommending dismissal of his case.  In the objections, he stated that he never lost interest in this suit.  After reviewing the objections, the court does not find that Plaintiff wishes to abandon his suit.  Therefore, the court respectfully declines to adopt the Magistrate Judge's recommendation that the case should be dismissed for failure to prosecute.

## Conclusion

The court has reviewed the Report, objections, and applicable law.  For the reasons stated above, the court respectfully declines to adopt the Report and Recommendation of the Magistrate Judge.  This case is hereby **RECOMMITTED** to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 24, 2009
Florence, South Carolina

---

[5] Upon review of the Clerk's Record, it appears that the Clerk's Office did in fact mail the motion to dismiss, *Roseboro* order, and the order warning of dismissal to Petitioner.  The docket notes the specific mailing dates of the motion and orders.  Therefore, the court was not at fault for Petitioner failing to receive his legal mail.  Any mail not received by Petitioner must be due to either the United States Postal Service or interference by prison staff.