IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sinclair L. Atkins, Jr., #32066-083, | ) | Civil Action No.: 3:09-1046-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mary M. Michell, Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendant's Motion to Dismiss [Docket #19]. Alternatively, the Magistrate Judge recommends that this Court treat the Motion as a Motion for Summary Judgment and grant it. The Plaintiff filed timely objections, challenging the Magistrate Judge's finding that the Plaintiff did not exhaust his administrative remedies. This matter is ripe for review.

## **Procedural History**

The case was initiated on April 22, 2009, when the Plaintiff filed a *pro se* Complaint appearing to allege that the Defendant denied him medical treatment, failed to protect him from a sexual attack by another inmate, retaliated against him for filing grievances, and failed to properly follow the grievance system. *Complaint,* p.3. It appears the Plaintiff brought his Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971). Accordingly, he requests monetary damages and injunctive relief. The Defendant filed a Motion to

_____

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

Dismiss on August 17, 2009, contending that: (1) this Court does not have subject matter jurisdiction over a *Bivens* action against the Defendant in her official capacity; (2) Plaintiff has not exhausted his administrative remedies; (3) the pleadings fail to state a claim upon which relief can be granted under Rule 12(b)(6); (4) Defendant is entitled to qualified immunity; and (5) the Prison Litigation Reform Act precludes any claim for compensatory damages as Plaintiff fails to show any physical injury. The Plaintiff filed letters and a response in opposition on December 28, 2009. The Magistrate Judge issued an R&R on February 1, 2010, in which he recommends that the Court grant the Defendant's Motion to Dismiss because the Plaintiff cannot bring claims against the Defendant in her official capacity for monetary damages and cannot show that he has exhausted his administrative remedies. On February 10, 2010, the Plaintiff filed timely objections to the R&R.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection,

2

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

It appears the Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. In his Objections, the Plaintiff states: "The Court dismissed the Plaintiff case due to him not exhaustion of his administrative remedies. The Warden (Defendant) clearly stated on <u>Page #7</u> that his administrative remedy was denied and responded to his administrative remedy Complaint." The Plaintiff appears to be referring to the fact that he filed a Request for Administrative Remedy with the Defendant concerning his medical care (medication and testing for enlarged prostate) on June 9, 2009. On June 29, 2009, the Defendant responded to and denied the Plaintiff's Request, asserting that the Plaintiff was receiving appropriate medical care for his prostate. However, the Plaintiff did not appeal the Defendant's decision and has not filed a Request for Administrative Remedy concerning his other claims at any level of the administrative process.

Federal courts have power under 28 U.S.C. § 1331 (2006) to award damages occasioned by infringements by federal officials of constitutionally protected interests. *Bivens*, 403 U.S. at 397. However,

> [t]he court shall . . . dismiss any action brought with respect to prison conditions under . . . any other Federal law, by a prisoner confined in any jail . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

42 U.S.C. § 1997e(c)(1) (2006). In federal prison condition cases, prisoners are required to exhaust "such administrative remedies as are available" before bringing a *Bivens* action. *Id.* § 1997e(a). Prisoners must exhaust available administrative remedies before bringing such an action, even if the prison's administrative process does not provide for awards of money damages and the prisoner

seeks only monetary damages. *Booth v. Churner,* 532 U.S. 731 (2001). In *Woodford v. Ngo,* 548 U.S. 81, 90 (2006), the United States Supreme Court stated that "[a]dministrative law . . . require[s] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly*." Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by prisoners under any federal law. *Id.* at 90-91.

The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process. A prisoner must first attempt an informal resolution of his complaint and, if unsuccessful, submit a formal written Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.13. The deadline for completing an informal resolution request and submitting a formal Administrative Remedy Request is twenty days following the date on which the basis for the Request occurred. *Id.* § 542.14(a). The matter will be investigated, and a written response provided to the prisoner. If dissatisfied with the response, the prisoner may appeal to the Regional Director. *Id.* § 542.15(a). If dissatisfied with the response from the Regional Director, the prisoner may appeal to the General Counsel, which is the final level of administrative review. *Id.* A claim has not been administratively exhausted until it has been filed with the General Counsel.

In the instant matter, the Plaintiff has not even alleged that he filed a Request for Administrative Remedy as to anything other than his medical claim. Additionally, the Plaintiff appears to allege that he exhausted his administrative remedies as to his medical claim because he wrote letters to the Regional Director and Central Offices. However, even assuming, in the light most favorable to the Plaintiff, that he did appeal his Administrative Remedy concerning his medical claim to the Regional Director, he still has not asserted that he appealed any such denial to the General Counsel, which is the final level of agency review. As such, the Plaintiff has not exhausted his administrative remedies and his *Bivens* action is barred.

4

Moreover, to the extent the Plaintiff is suing the Defendant in her official capacity, the suit is barred by the doctrine of sovereign immunity. The United States cannot be sued without its consent, and consent is a prerequisite to suit against the United States. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). The Plaintiff's claims against the Defendant in her official capacity are, under law, claims asserted against the United States. *See Boron Oil Co. v. Downie,* 873 F.2d 67, 71 (4th Cir. 1989) (finding that a subpoena to compel a federal employee to testify in his official capacity would be an action against the United States and within the protection of sovereign immunity). Therefore, the Plaintiff's money damages claims against the Defendant in her official capacity alleging constitutional violations must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for those claims. *See Radin v. United States,* 699 F.2d 681, 684 (4th Cir. 1983) ("*Bivens* and *Davis*, which held that sovereign immunity does not shield *federal officers* in their *individual* capacity from liability for violation of an individual's constitutional rights, did not waive the sovereign immunity of the United States.")

Similarly, to the extent that the Plaintiff is suing the Defendant in her individual capacity, the Defendant is entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to show that the Defendant violated his clearly established constitutional or statutory rights. *See Pearson v. Callahan,* 129 S. Ct. 808, 815-16 (U.S. 2009); *see also Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990) (In order to become a constitutional violation, medical treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations

omitted) . . . . Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment."); *Farmer v. Brennan,* 511 U.S. 825, 847 (1994) (holding "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Adams v. Rice,* 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that bare assertions of retaliation do not establish a claim of constitutional dimensions, and access to administrative remedies is not itself a constitutionally protected right).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendant's Motion to Dismiss [Docket #19] is treated as a Motion for Summary Judgment[2] and **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 19, 2010

---

[2]Based on the reasons set forth by the Magistrate Judge.

6